IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA

(1) DARRIN BRADLEY MINKS, )
)
Plaintiff, )
)
v. ) Case No. __19-CV-183-SPS
)
(2) POCOLA INDEPENDENT SCHOOL )
DISTRICT NUMBER 7, a political subdivision; )
(3) POCOLA BOARD OF EDUCATION, a )
Political subdivision; (4) ROGER )
LAIRAMORE; (5) JANET KAYE BARNES, )
)
) ATTORNEYS LIEN CLAIMED
Defendants. ) JURY TRIAL DEMANDED

## COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff Darrin Bradley Minks, by and through his undersigned counsel of record and for his causes of action against the Defendants, alleges and state as follows:

## PARTIES & JURISDICTION

1. Plaintiff Darrin Bradley Minks ("Plaintiff") is a resident of Pocola, Oklahoma. At the time of the subject events, Plaintiff was a minor. Plaintiff reached the age of majority on June 16, 2017.

2. Pocola Independent School District Number 7 ("District") is an agency of the State of Oklahoma, located in Pocola, Oklahoma. Upon information and belief, the District receives federal financial assistance.

3. Pocola Board of Education ("Pocola Board") is an agency of the State of Oklahoma, located in Pocola, Oklahoma.

4. Roger Lairamore was acting as the President of the Pocola Board at the time of the

1

subject events. Upon information and belief, Roger Lairamore ("Board President") is a resident of Pocoloa, Oklahoma.

5. Janet Kaye Barnes ("Barnes") was a teacher for the District at the time of the subject events. Upon information and belief, Barnes, who is currently being prosecuted by the State of Oklahoma for acts included in this lawsuit, is a resident of Pocoloa, Oklahoma.

6. The acts and omissions alleged in this lawsuit substantially took place in Pocola, Oklahoma, which is located in LeFlore County.

7. Jurisdiction and venue are proper in this Court, pursuant to 28 U.S.C. § 1331 and 1391(b), respectively.

## FACTS COMMON TO ALL CLAIMS

8. On January 19, 2012, Barnes pled guilty to, and was convicted of, misdemeanor Outraging Public Decency for having sexual indiscretions with a student while employed as a teacher in McCurtain County, Oklahoma. [*State v. Barnes*, CM-2011-735.]

9. On August 17, 2012, Barnes pled guilty to, and was convicted of, misdemeanor Violation of a Protective Order for again having inappropriate contact with the same student. [*State v. Barnes*, CM-2012-244, McCurtain County.]

10. The Pocola Board is a legislative body of five (5) members elected by a vote of the district and empowered to contract with and fix the duties and compensation of teachers and other necessary employees of the district.

11. The Pocola Board's "function in the Pocola Public Schools is to provide the opportunity for each student to develop the skills and attitudes which will promote" the ideals of the state and federal constitutions. "To achieve this end, the school will attempt to foster adequate

2

emotional stability, intellectual understanding, physical development, spiritual enrichment, and social competence." See *Policy AE – Philosophy of Pocola Public Schools*, available at https://z2policy.ctspublish.com/ossba/browse/pocolaset/pocola/z20000003.

12. In the fall of 2014, the Pocola Board hired Barnes as a teacher for the District. Barnes was assigned to teach at Pocola High School.

13. Upon information and belief, the Board President knew of Barnes's criminal record as well as her prior history of inappropriate sexual conduct with at least one student. At no time during the hiring process did the Board President inform anyone of Barnes's past crimes.

14. At no time during the hiring process did the Pocola Board make any effort whatsoever to investigate Barnes's qualifications or fitness for the position. The Pocola Board failed to perform and/or commission any background check on Barnes, which is required pursuant to 70 O.S. § 6-101.48.

15. From January 2014 through November 2016, Barnes engaged in a series of sexual assaults, wherein she would pay minor students to allow her to film herself having sex with them. These sexual assaults would often involve multiple partners and would sometimes occur during school hours.

16. As a result of these acts, Barnes has been charged by the State of Oklahoma with two (2) counts of Rape, Second Degree and a separate count of Sexual Battery. [*State v. Barnes*, CF-2019-167, LeFlore County.]

17. Barnes engaged in a sustained pattern of secreting her sexual encounters during school hours by signing out during planning periods and taking the minor students to her residence, which was located across the street from the school.

18. During Barnes's employment with the District, Randy Ragland was the principal of Pocola High School and her direct supervisor. Mr. Ragland ("Principal") was aware that Barnes and her victims had been checking out of school at the same time, always during Barnes's planning periods.

19. Upon information and belief, for several years leading up to the alleged events, multiple employees of the District, including some employed as teachers at Pocola High School, engaged in inappropriate sexual relations with students. Despite being aware of this alarming history, the Principal did not investigate the issue with Barnes further.

20. In the fall of 2016, Plaintiff, then a minor, was enrolled as a student at Pocola High School. Around that time, Barnes engaged in inappropriate sexual contact with Plaintiff.

### COUNT I – VIOLATION OF TITLE IX, 20 U.S.C. § 1681 ET SEQ.
(Pocola Independent School District Number 7 & Pocola Board of Education)

21. Plaintiff incorporates Paragraphs 1 through 21 as if fully restated herein.

22. Title IX provides that "No person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."

23. The District receives Federal financial assistance.

24. Plaintiff was subjected to sexual abuse by the intentional conduct of Defendant Barnes.

25. The Pocola Board knew or should have known that Barnes presented a risk to student safety and was deliberately indifferent to this risk.

26. Similarly, the Principal of Pocola High School, and potentially other employees of

the District, was aware that Barnes presented a risk to student safety but failed to take timely measures to prevent the harm. The District was deliberately indifferent to a substantial risk of sexual abuse posed to the children of the school district.

27. The District and the Pocola Board violated Title IX and Plaintiff's constitutional right to bodily integrity by repeatedly failing to take remedial action to prevent Barnes's sexual molestation of young male students.

28. Plaintiff was directly damaged as a result of the inaction on the part of the District and the Pocola Board, for which Plaintiff is entitled to damages, including punitive damages, attorneys' fees, and any other available remedy the Court deems just and appropriate.

## COUNT II – VIOLATION OF 42 U.S.C. § 1983
(Pocola Independent School District Number 7 & Pocola Board of Education)

29. Plaintiff incorporates Paragraphs 1 through 28 as if fully restated herein.

30. Barnes, as a public school teacher, was acting under color of state law, as that term is used in Section 1983, at all times alleged.

31. Plaintiff has been deprived of a constitutional right by a person acting under color of state law. The Due Process clause of the Constitution protects individuals against state intrusions on bodily security. A public student's right to personal security and to bodily integrity is protected by the Constitution. That right embraces the right to be free from sexual abuse at the hands of a public school employee.

32. Barnes violated Plaintiff's constitutional rights by sexually abusing and/or harassing him.

33. Barnes had an established history of criminal sexual behavior with students,

including continuing to violate court orders with regard to contact with minors.

34. This history was documented and readily available to the Pocola Board prior to and throughout Barnes's employment with the District, and the president of the Pocola Board was aware of the circumstances surrounding Barnes's criminal history. Nevertheless, the Pocola Board was deliberately indifferent to the risk to student safety and hired Barnes as a teacher for the District.

35. The principal of Pocola High School observed firsthand that Barnes was engaged in suspicious behavior with at least one minor student. The District demonstrated its deliberate indifference to the risk to student safety by failing to properly supervise Barnes and failing to investigate Barnes's potentially criminal conduct.

36. The Pocola Board and the District had the authority to establish policy for the school. The failure by both the Pocola Board and the District to investigate and supervise Barnes was part of an officially executed policy, or the toleration of a custom within the Pocola Board and the District. Essentially, both the Pocola Board and the District had an official policy of inaction and reckless disregard for student safety.

37. This policy of inaction and reckless disregard directly led to, caused, or resulted in the deprivation of Plaintiff's constitutional rights, for which Plaintiff is entitled to damages, including punitive damages, attorneys' fees, and any other available remedy the Court deems just and appropriate.

### COUNT III – VIOLATION OF 42 U.S.C. § 1983
(Roger Lairamore)

38. Plaintiff incorporates Paragraphs 1 through 37 as if fully restated herein.

39. At all relevant times, Roger Lairamore was acting as the president of the Pocola Board of Education. As such, Lairamore was acting under color of state law.

40. Lairamore knew that Barnes had an established history of criminal sexual behavior with students and failed to inform the Pocola Board and/or the District of this criminal history before, during, or after the Pocola Board hired her as a teacher for the District.

41. Lairamore's input in the hiring process was essential to Barnes's receipt of a contract with the District.

42. Lairamore's active concealment of Barnes's criminal history directly led to, caused, or resulted in the deprivation of Plaintiff's constitutional rights.

43. Lairamore acted recklessly and in gross disregard of Plaintiff's constitutional rights. As such Plaintiff is entitled to damages, including punitive damages, attorneys' fees, and any other available remedy the Court deems just and appropriate.

## COUNT IV – ASSAULT & BATTERY
(Janet Kaye Barnes)

44. Plaintiff incorporates Paragraphs 1 through 43 as if fully restated herein.

45. Defendant Barnes engaged in harmful and offense contact by having inappropriate nonconsensual sexual relations with Plaintiff on numerous occasions.

46. Plaintiff was a student and legal minor at the time of these assaults and, therefore, was not capable of consenting to a sexual relationship with a teacher.

47. Defendant Barnes acted willfully and maliciously in pursuing a sexual relationship with Plaintiff. As such Plaintiff is entitled to damages, including punitive damages, costs, and any other available remedy the Court deems just and appropriate.

## COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Janet Kaye Barnes)

48.   Plaintiff incorporates Paragraphs 1 through 47 as if fully restated herein.

49.   Defendant Barnes, in pursuing and grooming Plaintiff for a sexual relationship, offered Plaintiff gifts, monetary compensation, and other inappropriate items of value in exchange for sexual contact.

50.   Defendant Barnes's actions were so extreme and outrageous as to go beyond all possible bounds of decency. Barnes's actions were atrocious and utterly intolerable in a civilized society.

51.   Defendant Barnes's actions recklessly caused Plaintiff severe emotional distress beyond what a reasonable person could be expected to endure.

52.   As a result of Defendant Barnes's extreme and outrageous conduct, Plaintiff suffered severe distress which included his dropping out of vocational training and the severe amount of embarrassment and ridicule experienced as a result of Barnes's actions.

53.   Plaintiff is entitled to damages, including punitive damages, for all injuries directly caused by the emotional distress, whether they could have been anticipated or not, and any other available remedy the Court deems just and appropriate.

WHEREFORE Plaintiff prays that the Court grant him relief in the form of compensatory damages, punitive damages, attorneys' fees, and any other available remedy the Court deems just and appropriate.

Respectfully Submitted,

_____
Eric W. Stall, OBA#13886
Swab & Stall, P.A.
2021 S. Lewis Ave., Ste. 520
Tulsa, OK 74104
P: 918-587-2700
**Attorneys for Plaintiff**